UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BEST CHAIRS INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:14-cv-00067-RLY-WGH |
| | ) | |
| FACTORY DIRECT WHOLESALE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Best Chairs Incorporated, moves for leave to file an Amended Complaint to add additional parties and claims for civil conspiracy and contributory infringement. For the reasons set forth below, the motion is **GRANTED**.

**I.     Background**

Best Chairs owns and uses a family of trademarks that incorporate the name "BEST." These include BEST CHAIRS, INC. & Design, BEST HOME FURNISHINGS, THE POWER OF BEST, AND BEST-MAX ("BEST Trademarks"). On May 7, 2014, Best Chairs filed a Verified Complaint against the Defendant, Factory Direct Wholesale, LLC, alleging claims for trademark infringement, counterfeiting, false advertising, false designation of origin, and unfair competition under federal, state, and common law. Expedited discovery targeted to Best Chair's Motion for Preliminary Injunction and Factory Direct's Motion to Dismiss for lack of personal jurisdiction is not

1

complete; in fact, the Magistrate Judge recently granted in part and denied in part the Plaintiff's Motion to Compel.  (*See* Filing No. 54).

  A.  New Parties

  The limited discovery Best Chairs has received so far reflects that Hanping Liu is the owner and Chief Executive Officer of Factory Direct and related entities, Eastern Enterprises, LLC and Pay Less Here, LLC.  Each company is located at the same address and each company appears to have the same employees.  According to Best Chairs, Factory Direct allows its related entities and third parties, like Rowland Direct Wholesale, to sell, promote, and advertise chairs and other furniture products using the BESTCHAIR, BEST CHAIR and BESTOFFICE name on various online retail websites, such as Amazon.com and eBay.com.  (*See, e.g.,* Filing No. 42-7, Amazon.com screen shot of an allegedly infringing product; Filing No. 52-1, Better Business Bureau Complaint; Filing No. 52-2, Deposition of Hanping Liu ("Liu Dep.") at 28, 41, 113; Filing No. 52-10, September 29, 2014 Declaration of Hanping Liu ¶¶ 1-2, 13; Filing No. 52-7, Deposition of Martin Weaver at 27).  Factory Direct then fills and ships the items to consumers. (Liu Dep. at 28, 69).  Best Chairs therefore seeks to add Liu, Eastern Enterprises, Pay Less Here, and Rowland Direct to the Complaint as defendants.

  Best Chairs also learned that, since the filing of the Complaint, numerous usernames and online store names have been found on Amazon.com's marketplace that use, sell, promote, and advertise chairs and other furniture products using the "BESTCHAIR" name, including "CoreStone Wholesale" and "Shopperchoice2013." Best Chairs has been unable to determine who is behind these stores' names and

usernames. Consequently, Best Chairs seeks to add these entities, and to add John Doe, Jane Doe, and Unknown others, as defendants.

    B.    **New Claims**

Finally, Best Chairs alleges that the Defendants conspired to commit trademark infringement and that that the Defendants contributed to the infringement of the BEST trademarks by using, selling promoting, and/or advertising the BEST CHAIR, BEST CHAIR, and BESTOFFICE lines of office chairs and other office furniture through various online retailers. (*See* Filing No. 43, Proposed Amended Complaint, Counts VI and VII).

    C.    **Jurisdiction**

The allegations relating to jurisdiction will be discussed *infra.*

**II.**    **Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Although leave to amend should be granted liberally, a district court may deny leave for several reasons, including undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or if the amendment would be futile. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (citations omitted). "An amendment is futile if it reasserts a claim previously determined, merely restates the facts from the original complaint using different language, fails to state a valid theory of liability, or could not withstand a motion to dismiss." *Kasak v. Village of Bedford Park*, 552 F.Supp.2d 787, 790 (N.D. Ill. 2008) (citing *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir. 1992)).

Factory Direct's primary argument is that the court lacks personal jurisdiction over the Defendants. Based on that proposition, Factory Direct argues that granting Best Chair leave to file an Amended Complaint will not only be futile, but also prejudicial because, with the addition of new parties and new claims, additional jurisdictional discovery will likely be necessary, serving to prolong Factory Direct's involvement in this litigation. In support of this argument, Factory Direct cites the court to the declaration of Hanping Liu, owner and Chief Executive Officer of Factory Direct and related entities Eastern Enterprises, LLC and Pay Less Here, LLC. In his declaration dated October 5, 2014, Liu states that, *inter alia*, "Eastern Enterprises and Pay Less Here do a *de minimis* amount of business with customers in Indiana." (Filing No. 46-1, October 5, 2014 Declaration of Hanping Liu, ¶ 8).

As noted above, Best Chairs filed a motion to compel in an effort to obtain discovery regarding Factory Direct's (and its related entities') contacts with the State of Indiana. In connection with that motion, Factory Direct filed a letter dated October 6, 2014 – the day after Liu's declaration was filed – which informed Best Chairs' counsel that Factory Direct's counsel would be providing all online BESTCHAIR sales from all entities that Liu owns for 2013 and for part of 2014, and additional data regarding sales to Indiana. (*See* Filing No. 50-1, sealed letter to counsel; Filing No. 50-2, sealed email search[1] of online sales to Indiana in September (year not shown)). Even though this

---

[1] On September 11, 2014, Liu testified that sales of BESTCHAIR products are done through email, and that specifically finding the records of sales to Indiana residents would take "hundreds of hours." (Filing No. 52-2, Liu Dep. at 69).

document was filed in another motion, it is relevant to the extent that it shows Factory Direct and its related entities obtain at least *some* sales from customers in Indiana. On this record, Factory Direct fails to establish that Best Chairs' amendment of the Complaint could not survive a motion to dismiss. Accordingly, the court finds the proposed amendment would be not be futile or prejudicial to its interests.

Factory Direct also argues that the proposed Amended Complaint contains only boilerplate allegations of jurisdiction – "there is no allegation that *any* proposed Defendant 'targets' or 'purposefully directs' its activity toward Indiana." (Filing No. 46, Factory Direct's Opposition at 3). The proposed Amended Complaint alleges the court has personal jurisdiction over Factory Direct and Eastern Enterprises due to their contacts with the State of Indiana – i.e., they solicit, sell, and continue to sell products in Indiana that allegedly violate Best Chairs' BEST Trademarks. (Filing No. 43, Proposed Amended Complaint ¶ 17). In addition, the proposed Amended Complaint alleges the court has personal jurisdiction over Liu because he directs and controls Eastern Enterprises and Pay Less Here. (*Id*. ¶ 18). Lastly, the proposed Amended Complaint alleges the court has personal jurisdiction over all of the Defendants because they engaged in a conspiracy to sell BESTCHAIR, BEST CHAIR, and BESTOFFICE lines of chairs and other furniture products in the State of Indiana through various online retailers. (*Id*. ¶ 19); *Kohler Co. v. Kohler Int'l, Ltd.*, 196 F.Supp.2d 690, 696 (N.D. Ill. 2002) (applying Illinois law, a district court may exercise jurisdiction "over all of the co-conspirators, both resident and non-resident, based on their involvement in a conspiracy which occurred within the forum"); *Sumpter v. Am. Tobacco Co.*, 2000 WL 1449851

(S.D. Ind. May 4, 2000) (stating that "an Indiana court would likely determine whether under its formulation of civil conspiracy law, exercising jurisdiction over a non-resident co-conspirator based on the acts of another co-conspirator in the forum comports with due process"). The fact that the proposed Amended Complaint fails to use the words "target" or "purposefully directs" is not fatal; that the Defendants and proposed Defendants target and/or purposefully direct their activities to the State of Indiana is inferred. The court therefore finds, at this stage of the litigation, the proposed Amended Complaint sufficiently alleges personal jurisdiction over Factory Direct and the proposed Defendants.

Lastly, Factory Direct urges the court to rule on its Motion to Dismiss before ruling on the present motion. Based on the limited discovery produced by Factory Direct, the court finds the better option is to grant Best Chairs' motion for leave. Factory Direct admits it makes online sales of BESTCHAIR products through its related entities, and allows third parties to do the same. Thus, Best Chair should have the opportunity to include all defendants it believes are part of the BESTCHAIR transactions. Moreover, Factory Direct's Motion to Dismiss will not be fully briefed until at least mid-February. (*See* Filing No. 58, granting motion for extension of time to file response to January 30, 2014). Were the court to grant Factory Direct's request, a ruling on the Best Chair's motion for leave would likely be deferred until early Spring 2015. The court finds the interests of justice warrant a ruling on Best Chair's motion now.

## III. Conclusion

Best Chair's Motion for Leave to File Amended Complaint adding additional Defendants and claims is in the interest of justice. Accordingly, Best Chairs' Motion for Leave to File Amended Complaint (Filing No. 42) is **GRANTED**. Best Chairs is **ORDERED** to file its Amended Complaint forthwith.

**SO ORDERED** this 6th day of January 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.