IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BEST CHAIRS INCORPORATED,       )<br>                    Plaintiff                )<br>v.                                                 )<br>                                                    )<br>FACTORY DIRECT WHOLESALE,  )<br>LLC, EASTERN ENTERPRISES      )<br>LLC, PAY LESS HERE LLC,            )<br>HANPING LIU,  ROWLAND           )<br>DIRECT WHOLESALE, JOHN DOE )<br>JANE DOE AND UNKNOWN OTHERS, )<br>                    Defendants.             ) | Case No.  3:14-cv-00067-RLY-WGH |

**RESPONSE IN OPPOSITION TO**
**MOTION FOR CLERK'S ENTRY OF DEFAULT [DOC 98]**

Defendants Hanping Liu, Eastern Enterprises, LLC, and Pay Less Here LLC (collectively, the "Newly Added Defendants") hereby oppose the Motion for MOTION for Clerk's Entry of Default [#098] filed by Plaintiff Best Chairs Incorporated ("BCI").

The Newly Added Defendants were first named in BCI's amended complaint filed January 12, 2015.

**I.     THE NEWLY ADDED DEFENDANTS WERE NOT PROPERLY SERVED.**

Per FRCP 55(a), a default may only be entered against a party that "has failed to plead or otherwise defend."  The time for pleading or defending is triggered by service.  FRCP 12(a)(1)(A)(i) ("A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint")

None of the Newly Added Defendants have been served.  BCI's proofs of service consist of certified mail receipts showing that they were signed by persons *other than* the Newly Added Defendants.

1

| Newly Added Defendant | Receipt Signed By | BCI's "Evidence" |
|---|---|---|
| Hanping Liu | Jiali xie | [#098-1] |
| Eastern Enterprises, LLC | Jiali xie | [#098-2] |
| Pay Less Here LLC | Reyna [unintelligible] | [#098-3] |

Although each of these mail deliveries were addressed to Hanping Liu, he did not sign any of them. Thus, none of the Newly Added Defendants have been served, so the time for them to

2

respond has not expired, let alone begun. Accordingly, the prerequisite for default of FRCP 55(a), namely that a party that "fail[] to plead or otherwise defend," has not occurred, so default is improper.

## II. THE TIME FOR THE NEWLY ADDED DEFENDANTS TO RESPOND HAS NOT ELAPSED.

There is a second reason why BCI's Motion for Clerk's Entry of Default should be denied – the Court set April 16, 2015 as the date for them to file a Motion to Dismiss in response to the Amended Complaint. Even if the Court finds that the Newly Added Defendants were properly served (and they were not), they still have time to respond. The Order states:

> In the event there are additional motions to dismiss for lack of personal jurisdiction or for failure to state a claim with respect to newly-added defendants, those motions must be filed on or before April 16, 2015. [#101]

A "motion to dismiss" would be an action to "defend" against BCI's Amended Complaint, and the Newly Added Defendants contend that this Court lacks personal jurisdiction over them and that the Amended Complaint fails to state a claim. As such, they have not "failed to plead or otherwise defend," so the prerequisite for granting default under FRCP 55(a) has not been occurred.

## III. CONCLUSION

For the foregoing reasons, BCI's Motion for Default should be denied.

Respectfully submitted,

By:   s/Paul B. Overhauser
Paul B. Overhauser
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549
Attorneys for Factory Direct Wholesale, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  By:    s/Paul B. Overhauser
                                                              Paul B. Overhauser