IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BEST CHAIRS INCORPORATED, | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 3:14-cv-00067-RLY-WGH |
| | ) | |
| FACTORY DIRECT WHOLESALE, | ) | |
| LLC, EASTERN ENTERPRISES | ) | |
| LLC, PAY LESS HERE LLC, | ) | |
| HANPING LIU, ROWLAND | ) | |
| DIRECT WHOLESALE, JOHN DOE | ) | |
| JANE DOE AND UNKNOWN OTHERS, | ) | |
| Defendants. | ) | |

**RESPONSE IN OPPOSITION TO**
**MOTION FOR CLERK'S ENTRY OF DEFAULT [#103]**

Plaintiff Best Chairs, Incorporated ("BCI") has filed a Motion for Clerk's Entry of Default [#103] seeking default against "Defendants Hanping Liu, individually, and Hanping Liu as CEO of Pay Less Here LLC." BCI"s motion: (a) does not explain what the difference is between "Hanping Liu, individually" and "Hanping Liu as CEO of Pay Less Here LLC;" or (b) how its motion is not an unreasonable and vexatious multiplication of these proceedings given that BCI's first Motion for Clerk's Entry of Default which also seeks relief against "Hanping Liu as CEO of Eastern Enterprises, LLC." [#098]. There is only one Hanping Liu, and he hereby (again) opposes any Clerk's Entry of Default. This response is virtually identical to Mr. Liu's Opposition [#106] to BCI's first Motion for Clerk's Entry of Default [#098].

**I.   THE NEWLY ADDED DEFENDANTS WERE NOT PROPERLY SERVED.**

Per FRCP 55(a), a default may only be entered against a party that "has failed to plead or otherwise defend." The time for pleading or defending is triggered by service. FRCP 12(a)(1)(A)(i) ("A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint")

Mr. Liu has not been served. BCI's proofs of service consist of certified mail receipts showing that they were signed by persons *other than* Mr. Liu.

| Newly Added Defendant | Receipt Signed By | BCI's "Evidence" |
|---|---|---|
| Hanping Liu | Gong Wu | [#103-1] |
| Pay Less Here LLC | R. Garcia | [#103-2] |

Although each of these mail deliveries was addressed to Hanping Liu, he did not sign either of them. Thus, he has not been served, so the time for him to respond has not expired, let alone begun. Accordingly, the prerequisite for default under FRCP 55(a), namely that a party that "fail[] to plead or otherwise defend," has not occurred, so default is improper.

2

**II.     THE TIME FOR THE NEWLY ADDED DEFENDANTS TO RESPOND HAS NOT ELAPSED.**

There is a second reason why BCI's Motion for Clerk's Entry of Default should be denied – the Court set April 16, 2015 as the date for Mr. Liu to file a Motion to Dismiss in response to the Amended Complaint. Even if the Court finds that Mr. Liu was properly served (and he was not), he still has time to respond. The Order states:

> In the event there are additional motions to dismiss for lack of personal jurisdiction or for failure to state a claim with respect to newly-added defendants, those motions must be filed on or before April 16, 2015. [#101]

A "motion to dismiss" would be an action to "defend" against BCI's Amended Complaint, and Mr. Liu contends that this Court lacks personal jurisdiction over him and that the Amended Complaint fails to state a claim. As such, Mr. Liu has not "failed to plead or otherwise defend," so the prerequisite for granting default under FRCP 55(a) has not been occurred.

**III.    CONCLUSION**

For the foregoing reasons, BCI's Motion for Default should be denied.

Respectfully submitted,

By:     s/Paul B. Overhauser
Paul B. Overhauser
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549
Attorneys for Hanping Liu

3

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                              By:    s/Paul B. Overhauser
                                                                           Paul B. Overhauser