UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BEST CHAIRS INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:14-cv-00067-RLY-WGH |
| ) | |
| FACTORY DIRECT WHOLESALE, LLC, ) | |
| EASTERN ENTERPRISES, LLC, ) | |
| PAY LESS HERE, LLC, ) | |
| HANPING LIU, in both his individual and ) | |
| corporate capacities, ) | |
| ROWLAND DIRECT WHOLESALE, ) | |
| JOHN DOE, JANE DOE AND ) | |
| UNKNOWN OTHERS, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT**

Plaintiff, Best Chairs Incorporated, brings this trademark infringement action against Defendants—Factory Direct Wholesale, LLC, Eastern Enterprises, LLC, Pay Less Here, LLC, Hanping Liu, Rowland Direct Wholesale, John Doe, Jane Doe, and Unknown Others—for marketing and selling products under the Best Chairs family of trademarks.  Presently before the court are the following two motions:  (1) Plaintiff's Motion for Entry of Default Against Defendants, Hanping Liu as CEO of Eastern Enterprises, LLC, Eastern Enterprises, LLC, and Pay Less Here, LLC; and (2) Plaintiff's Motion for Entry of Default Against Defendants Hanping Liu, Individually, and Hanping

1

Liu, as CEO of Pay Less Here, LLC.  For the reasons set forth below, both motions are **DENIED**.

**I.   Background**

Plaintiff's original Complaint was filed solely against Factory Direct Wholesale ("FDW").  On January 12, 2015, Plaintiff filed an Amended Complaint adding Eastern Enterprises, LLC, and Pay Less Here, LLC, and Hanping Liu, in his individual and corporate capacities as CEO of those entities.  On March 4, 2015, Plaintiff filed Returns of Service indicating that on February 26, 2015, Eastern Enterprises, Pay Less Here, and Hanping Liu as CEO of Eastern Enterprises were served by certified mail.  (Filing Nos. 79–81).  In addition, on March 25, 2015, Plaintiff filed additional Returns of Service, this time indicating that on March 16, and 18, 2015, respectively, Liu was served in his individual and corporate capacity as CEO of Pay Less Here.  (Filing Nos. 90, 91).  The newly-added Defendants (hereinafter "Defendants"), represented by the same counsel as FDW, failed to file a timely Answer to the January 12 Amended Complaint or to otherwise defend within the period contemplated by the Federal Rules.  Instead, they filed a motion to dismiss on April 15, 2015.  All other facts necessary for resolution of this motion will be addressed in the Discussion Section.

**II.   Discussion**

Plaintiff seeks an entry of default against Defendants for failing to timely answer pursuant to Federal Rule of Civil Procedure 55(a).  Defendants oppose the motion for two reasons.  First, they argue that they were never properly served because someone other

than Liu signed the return receipt. Second, they argue that, based upon an Order issued by the Magistrate Judge, they had until April 16, 2015, to respond.

### A.     Service of Process

Federal Rule of Civil Procedure 4(e) governs service on an individual, and Federal Rule of Civil Procedure 4(h) governs service on a limited liability company. Rule 4(e) states that an individual may be served by "following state law for serving a summons . . . where the district court is located or where service is made." Rule 4(h)(1)(a) states that a limited liability company may be served in a judicial district in the United States, "in the manner prescribed by Rule 4(e)(1) for serving an individual." The district court in which this action sits is located in Indiana. The Defendants were served in Georgia. Defendants do not assert that the addresses were incorrect or that the individuals who signed the return receipts were not located or otherwise employed at those addresses. Therefore, service was allowed under either Indiana or Georgia law. *See NNDYM IN, Inc. v. UV Imports, Inc.*, No. 3:09-cv-129, 2011 WL 1225573 at *2 (S.D. Ind. March 30, 2011) (finding service could be made pursuant to either North Carolina or Indiana law where the district court was in Indiana and the businesses were served in North Carolina).

The court finds the Defendants were properly served under Indiana law. Indiana Trial Rule 4.1(a) states, "Service may be made upon an individual, or an individual acting in a representative capacity by: (1) sending a copy of the summons and complaint by registered or certified mail… to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter." Indiana Trial Rule 4.6 allows service upon an organization to "be made on the proper person in the manner

provided by these rules for service upon individuals." Service pursuant to Rule 4.1(a)(1), as interpreted by Indiana courts, does not require signature by the individual or agent being served. *Marshall v. Erie Ins. Exchange*, 923 N.E.2d 18, 22 (Ind. Ct. App. 2010) (citing *Precision Erecting, Inc. v. Wokurka*, 638 N.E.2d 472, 474 (Ind. Ct. App. 1994)). This court has recently applied the rule, finding "so long as service of process was mailed to the individual's residence or place of business, and a return receipt is signed and returned showing receipt of the letter, 'service by mail is effective even if someone other than the intended recipient ultimately signs the return receipt.'" *NNDYM*, 2011 WL 1225573 at *2 (quoting *Marshall*, 923 N.E.2d at 22–23). Therefore, even though the relationship of the signing parties to the Defendants is unknown, Plaintiff's service by certified mail was effective upon Liu individually and as an agent to the corporate Defendants.

    **B.**    **Time to Respond**

Because service on the Defendants was adequate, the Defendants were required to file an Answer within twenty-one days of service of the summons and the Amended Complaint or to otherwise defend. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). As such, the Defendants' deadline to file an Answer to the Amended Complaint or a defensive motion ranged from March 19 to April 8.

Defendants argue the Magistrate Judge effectively granted them an extension of time per paragraph 4 of the Magistrate Judge's Order on Telephonic Conference, dated March 26, 2015, which reads, in relevant part:

>  4. In the event there are additional motions to dismiss[1] for lack of personal jurisdiction or for failure to state a claim with respect to newly-added defendants, those motions must be filed on or before April 16, 2015.

(Filing No. 101 at 2). Plaintiff replies that the intent of the March 26 Order was not to extend the time period within which to respond to the Amended Complaint. Rather, with respect to the Defendants who were in default at that time,[2] the Magistrate Judge issued a briefing schedule per paragraph 3 of that Order:

>  3. With respect to the Motion for Entry of Default (Dkt. 98), a response should be filed on or before April 13, 2015.

(*Id*. at 2).

The court finds the Magistrate Judge's Order is ambiguous because it does not define "newly-added defendants." One could reasonably conclude that "newly-added defendants" includes the defendants brought in by amendment of the Complaint – Eastern Enterprises, Pay Less Here, and Hanping Liu – particularly since that is the manner in which they refer to themselves in their motion to dismiss. The fact that the Order also requires at least some of the Defendants to respond to the Motion for Entry of Default, while at the same time allowing the Defendants to file a motion to dismiss, only adds to the ambiguity of the Order. In any event, the court finds the Defendants' interpretation of the March 26 Order is reasonable.

---

[1] On March 5, 2015, before the March 26th telephonic conference, FDW filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim.

[2] As of March 26, Pay Less Here, Eastern Enterprises, and Hanping Liu, as CEO of Eastern Enterprises, were in default.

Further, even if the court construes the Defendants' motion to dismiss (Filing No. 108) as untimely filed, motions for default are disfavored.  Default is an extreme remedy and should be given only when absolutely necessary.  *United States ex rel. Abner v. Jewish Hosp. Health Care Servs., Inc.*, No. 4:05-cv-106, 2010 WL 723409, *2 (Mar. 2, 2010) (quoting *United States v. Di Mucci*, 879 F.2d 1488, 1493 (7th Cir. 1989)).  In considering whether to grant default, courts may look to a number of factors including "the nature of the default, prejudice to the plaintiff, and whether the delay is excusable." 10A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 2685 (1998); *see also Comerica Bank v. Esposito*, 215 F. Appx. 506, 508 (7th Cir. 2007).  The delay was arguably excusable because of the ambiguity of the order, and there is no evidence Plaintiff was prejudiced by the relatively short delay.

Although the court finds Defendants failed to timely answer or otherwise respond within the time contemplated by the Federal Rules, the ambiguity of the March 26 order and the extreme remedy of default weigh in Defendants' favor.  Plaintiff's Motions for Entry of Default are therefore **DENIED**.

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Entry of Default against Defendant's Hanping Liu as CEO of Eastern Enterprises, LLC, Eastern Enterprises, LLC, and Pay Less here, LLC (Filing No. 98) is **DENIED**, and Plaintiff's Motion for Entry of

Default against Hanping Liu, Individually, and Hanping Liu as CEO of Pay Less Here, LLC (Filing No. 103) is also **DENIED**.

**SO ORDERED** this 4th day of August 2015.

                                                        RICHARD L. YOUNG, CHIEF JUDGE
                                                        United States District Court
                                                        Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.